Matter of Erin J. v Jehrica K. (2024 NY Slip Op 00210)

Matter of Erin J. v Jehrica K.

2024 NY Slip Op 00210

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

534518
[*1]In the Matter of Erin J., Respondent,
v
Jehrica K., Appellant.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Michelle E. Stone, Vestal, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered August 23, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody/visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2016). Pursuant to the terms of a November 2020 Family Court order entered on consent, the mother was awarded sole legal and primary physical custody of the child, with parenting time to the father. This order was modified in August 2021 to the extent of awarding the parties joint legal and physical custody of the child, with final decision-making authority granted to the father in the event the parties could not agree on certain issues. After both parties filed additional modification petitions, a subsequent order was entered in January 2023 granting primary physical custody to the father and reducing the mother's parenting time. The mother appeals from the August 2021 order.[FN1] The father and the attorney for the child correctly note that this appeal is moot insofar as the August 2021 order has been superseded by the January 2023 order, which was "issued following an evidentiary hearing at which all parties were afforded a meaningful opportunity to participate" (Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1368 [3d Dept 2022]). The mootness exception does not apply and the appeal must be dismissed accordingly.
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: The mother has also perfected an appeal from the January 2023 order, which is resolved in a separate decision decided herewith (see Matter of Jehrica K. v Erin J., ___ AD3d ___ [3d Dept 2024]).